**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

_____ DIVISION

**Case No.: _____**

SOUTHERN PAINTERS HEALTH AND
WELFARE FUND and DISTRICT COUNCIL 78
FINISHING TRADES INSTITUTE

        Plaintiffs,

v.

EXCELETECH COATINGS AND
APPLICATIONS, LLC

        Defendants,

## COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Southern Painters Health and Welfare Fund and District Council 78 Finishing Trades Institute, who bring this complaint against Defendant Exceletech Coatings and Applications, LLC for the collection of delinquent contributions.

## NATURE OF THE CLAIMS

1) This action is brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 and 1145, and §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

## JURISDICTION AND VENUE

2) This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331. The claims asserted are all made under

federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

3)  This Court has personal jurisdiction over the Defendant under §§502(e) (2) of ERISA, 29 U.S.C. §1132(e) (2) and §301 of the LMRA, 29 U.S.C. §185(c).

4)  Venue is proper in the Middle District of Florida pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d).

5)  A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. § 1132(h).

## PARTIES

6)  Plaintiff Southern Painter's Welfare Fund ("Fund" or "Welfare Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the Southern Painter's Pension Plan ("Pension Plan").

7)  The Welfare Fund is a "multiemployer plan," "employee benefit plan" and "welfare plan" within the meaning of 29 U.S.C. §§ 1002(37), (2) and (3) which is administered and has its principal place of business at 5 Hot Metal St., Suite 200, Pittsburgh, PA 15203.

8)  District Council 78 Finishing Trades Institute ("FTI") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. §§ 1002(37), (1), and (3). The FTI maintains its principal place of business and is administered from 2153 West Oak Ridge Road, Orlando, FL 32809.

9)  Defendant, Exceletech Coatings and Applications, LLC ("Exceletech") is a corporation and

2

an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office located at 221 North Highway 27, Clermont, FL 34711. Exceletech does business with the Fund that is sufficient to create jurisdiction over Exceletech in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the Funds' office(s) in this district.

10)   Upon information and belief, no party to this action has filed for protection under the U.S. Bankruptcy Code during the time in which the action arose or thereafter.

## RELEVANT FACTUAL BACKGROUND

11)   At all times relevant to this action, Exceletech was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contracts") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union").

12)   Under the Labor Contracts, Defendant agreed to comply with all lawful clauses, including wage and fringe benefit clauses, of any International Union of Painters and Allied Trades, AFL-CIO, CLC local or district council collective bargaining agreement when performing work in such jurisdiction.

13)   Exceletech also signed or agreed to abide by the terms of the Agreement and Declaration of Trust of the Fund ("Trust Agreement"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan documents for the ERISA Funds.

14)   Exceletech also signed or agreed to abide by the terms of the District Council 78 Finishing Trades Institute Agreement and Declaration of Trust of the Fund ("FTI Trust Agreement"),

made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan documents for the ERISA Funds.

15)   The International Union of Painters and Allied Trades District Council 78 Welfare Fund has since merged with Plaintiff Southern Painters Welfare Fund. Therefore, the Southern Painters Welfare Fund is authorized to bring this action to collect monies due and owing under the Labor Contract.

16)   Under the Labor Contracts, Trust Agreement, plan documents of the ERISA Funds or other documents, Exceletech agreed:

    (a)   To make full and timely payment on a monthly basis to the Funds, as required by the Labor Contracts, Trust Agreement and plan documents.

    (b)   To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract.

    (c)   To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreement or Plan.

    (d)   To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations.

17)   An audit for the period of January 1, 2012 through December 31, 2014 was conducted by a Certified Public Accountant on or about November 4, 2015 and revealed delinquencies to the Funds.

4

## VIOLATION OF ERISA

18)    The allegations of Paragraph 1 through 17 are incorporated by reference as if fully restated.

19)    Based on a payroll audit conducted by the Funds for the period January 1, 2012 through December 31, 2014, Exceletech failed to pay amounts due under the Labor Contracts, Trust Agreements and Plan in at least the sum of $128,639.37 in violation of 29 U.S.C. § 1145, as detailed on the attached Exhibit 1.

20)    The payroll audit indicates that at present the total amount due and owing to Plaintiffs, including the delinquent contributions, interest, and liquidated damages equals $161,468.29, as detailed on the attached Exhibit 1.

21)    The ERISA Funds are adversely affected and damaged by Exceletech's violation of 29 U.S.C. § 1145.

## CONTRIBUTIONS UNDER CONTRACT

22)    Paragraphs 1 through 21 of this Complaint are re-alleged as though fully set forth herein.

23)    Plaintiffs are damaged as a proximate result of the breach of the Labor Contract and its incorporated documents by Company with respect to any amounts found due in an audit.

WHEREFORE, Plaintiffs respectfully request that this honorable court:

1. Enter judgment against Defendant in favor of the Plaintiffs, for the benefit of the ERISA Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit, together with interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, plan documents of the ERISA Funds, and 29 U.S.C. § 1132(g)(2).

2. Enter judgment against Defendant and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements; and

3. Award plaintiffs such other and further relief as may be just, necessary and proper.

This 20th day of December, 2017.          Respectfully submitted,

**D. Marcus Braswell, Jr., Esq. (146160)**
**mbraswell@sugarmansusskind.com**
**Sugarman and Susskind, P.A.**
100 Miracle Mile, Suite 300
Coral Gables, Florida 33134
Tel.:    (305) 529-2801
Fax:    (305) 447-8115

**Louis Robein**
**Laura K. Cline**
**Robein, Urann, *et al*, APLC**
2540 Severn Ave., Suite 400
Metairie, LA  70002
(504) 885-9994

**(Motion for Pro Hac Vice enrollment to be filed)**